# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERIOLD B. LEVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICK HILL, et al.,<br><br>　　　　Defendants. | No. 2:19-CV-1162-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No.12).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Rick Hill, the prison warden; (2) J. Crawford, a prison Sergeant; and (3) Buchanan, a correctional officer. See ECF No. 12, pg. 2. Plaintiff alleges that defendant Buchanan assaulted him, and that defendant Crawford assisted. See id. at 3. According to plaintiff, defendant Hill "allowed this all to take place at his prison." Id. Plaintiff claims that Hill did nothing to prevent the attack despite receiving notice that his staff had been accused of multiple instances of misconduct. See id.

### II. DISCUSSION

The court finds plaintiff has stated a cognizable Eighth Amendment excessive force claim against defendants Crawford and Buchanan based on plaintiff's allegation they assaulted him.[1] Plaintiff has not, however, stated a claim against defendant Hill, the prison warden, based on his vague allegation defendant Hill allowed the violation to occur.

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct

---

[1] By separate order issued herewith, plaintiff will be required to submit documents necessary for service on defendants Crawford and Buchanan by the United States Marshal.

and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

As currently set forth, plaintiff's claim against defendant Hill is based on nothing more than a theory of respondeat superior, which is not actionable under § 1983. Plaintiff's allegation that defendant Hill allowed the alleged violation to occur is too vague to show defendant Hill's personal involvement. Plaintiff's amended complaint suggests that Hill should have prevented the assault because he was aware that there were accusations of misconduct amongst his staff. See ECF No. 12, pg. 3. However, this factual allegation, alone, does not establish a connection between Hill's individual actions and plaintiff's constitutional deprivations. This defect was identified in the court's August 16, 2019, order addressing plaintiff's original complaint and persists in the amended complaint.

///
///
///
///
///
///
///

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by further amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's 8th Amendment claim against defendant Hill is dismissed; and

2. This action shall proceed only on plaintiff's 8th Amendment claims against defendants Crawford and Buchanan.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 2, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE