IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERIOLD B. LEVI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. CRAWFORD, et al.,<br><br>　　　　　Defendants. | No. 2:19-CV-1162-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion for terminating sanctions. See ECF No. 30.

On September 15, 2020, the Court issued an order granting Defendants' unopposed motion to compel and directing Plaintiff to produce discovery within 30 days. See ECF No. 29. Plaintiff was warned that failure to comply could result in dismissal of the action. See id. at 2. In the current motion for terminating sanctions, Defendants state that Plaintiff has not provided any discovery despite the Court's September 15, 2020, order. Defendants seek terminating sanctions. Plaintiff has not filed any opposition.

/ / /

/ / /

/ / /

Under Federal Rule of Civil Procedure 37(b)(2)(A)(v), the Court may dismiss an action as a sanction for failure to comply with an order to provide discovery.  The Court must weigh five factors before imposing the harsh sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules, see Ghazali, 46 F.3d at 53, failure to comply with an order to file an amended complaint, see Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992), failure to inform the district court and parties of a change of address pursuant to local rules, see Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), failure to appear at trial, see Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996), and discovery abuses, see Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993).

Here, in light of Plaintiff's failure to prosecute this action by providing discovery, Plaintiff's failure to comply with the Court's September 23, 2020, order, and Plaintiff's failure to oppose Defendants' motion for terminating sanctions, the Court finds that dismissal of the entire action is appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1       Based on the foregoing, the undersigned recommends that Defendants' unopposed
2 motion for terminating sanctions, ECF No. 30, be granted.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5 after being served with these findings and recommendations, any party may file written objections
6 with the Court.  Responses to objections shall be filed within 14 days after service of objections.
7 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.
8 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10  Dated:  December 15, 2020

                                                            _____
                                                            DENNIS M. COTA
                                                            UNITED STATES MAGISTRATE JUDGE

3